UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEBORAH MANEY, | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-01193 |
| v. | ) |
| LATIN MAN, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se Plaintiff Deborah Maney, a resident of Nashville, Tennessee, filed this complaint against "Latin man", "White girlfriend", "Falisha l/n/u" in her official capacity at Women's Shelter, "Police Officers", "Former Firefighters", and "Bus Drivers" pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

**I. FILING FEE**

Plaintiff submitted an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Section 1915 is intended to insure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Neitzke v. Williams, 490 U.S. 319, 324 (1989); Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). Pauper status does not require absolute destitution. Adkins, 335 U.S. at 339; Foster v. Cuyahoga Dep't of Health and Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." Foster, 21 F. App'x at 240. Proceeding in forma pauperis is a

1

privilege, not a right, and "[t]he decision whether to permit a litigant to proceed [in forma pauperis] is within the Court's discretion." Id.

According to Plaintiff's IFP Application, her monthly income totals $967 from Supplemental Social Security payments, her monthly expenses total $875, she has no cash and no money in any bank accounts, and she is homeless. (Id.) Because her IFP Application reflects that she lacks sufficient financial resources to pay the full filing fee without undue hardship, the IFP Application (Doc. No. 2) is **GRANTED**. The Clerk therefore is **DIRECTED** to file the complaint in forma pauperis. 28 U.S.C. § 1915(a).

## II. INITIAL SCREENING STANDARD

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." Denton v. Hernandez, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" Id. at 31 (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which requires sua sponte dismissal of an action upon certain determinations. 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding in forma pauperis, the Court must review her complaint pursuant to 28 U.S.C. § 1915(e). Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999). Under § 1915(e), the Court is required to screen in forma pauperis complaints and dismiss any complaint, or any portion thereof, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Hill v. Lappin, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short

and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the plaintiff is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Although allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "liberal construction . . . has limits." Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001) (citing Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011). District courts "have no obligation to act as counsel or paralegal" to pro se litigants. Pliler v. Ford, 542 U.S. 225, 231 (2004). Nor are they "required to create" a pro se litigant's claim for him or her. Payne v. Secretary of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003). And pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011).

### III. ALLEGED FACTS

As best the Court can discern,[1] the complaint alleges that an unidentified man paid one-hundred billion dollars to "take out" Plaintiff, police officers, paramedics, and firefighters. (Doc. No. 1 at 3). A police officer was killed on Old Hickory Boulevard in Madison, Tennessee; a Latin Man killed a police officer at the Birch Building; and "1000s of police officers paramedics firefighters bus drivers trucks are dying senselessly . . . ." (Id. at 4).

According to the complaint, Defendants "hate" Plaintiff and these individuals (who are being killed) because of their jobs and Plaintiff's Holy Bible. (Id.)

Plaintiff is suffering due to an "illegal body attachment" and "illegal embedment" on her

---

[1] It is difficult to distill Plaintiff's handwritten statements into coherent narratives and causes of action.

3

"back side" which the police and paramedics have confirmed. (Id.) She has been "cut open with a [undecipherable] knife" and her "frontal lobe . . . is being pulled.") (Id. at 5). Her food and cigarettes are poisoned.

Plaintiff asks the Court to send "400-600 hundred thousand troops to stop the traffic" and to "stop the killings." (Id.)

## IV. SCREENING OF THE IN FORMA PAUPERIS COMPLAINT

After conducting the initial screening pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff's complaint cannot survive screening under Section 1915(e)(2).

Plaintiff's allegations strain credulity. Thus, Plaintiff's claims are subject to dismissal as frivolous or delusional.

Moreover, other than the allegation that Defendant "Latin man" killed a man at the Birch Building (an allegation that does not support a claim under 42 U.S.C. § 1983),[2] there are no allegations in the complaint describing actions allegedly taken by Defendants. See Green v. Correct Care Sols., No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases) ("It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints.").

---

[2] To the extent the complaint petitions the Court to initiate criminal prosecutions of Defendant "Latin man" for violations of state or federal law, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." Tunne v. U.S. Postal Service, No. 5:08CV-189-R, 2010 WL 290512, at *1 (W.D. Ky. Jan. 21, 2010) (quoting Sahagian v. Dickey, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986)). Private citizens have "no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts." Williams v. Luttrell, 99 F. App'x 705, 707 (6th Cir. 2004). Thus, this Court is without jurisdiction to initiate any investigations of alleged criminal activity upon request of Plaintiff.

## V. CONCLUSION

As explained above, Plaintiff's in forma pauperis complaint is subject to dismissal under 28 U.S.C. 1915(e). Accordingly, this action is hereby **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE